UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAILY MERESCHUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-02221-AHA |
| | ) |
| EILEEN HOLLAND *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS</u>**

**I. INTRODUCTION**

This tort action arises from a collision between a Washington Metropolitan Area Transit Authority ("WMATA") Metrobus and Codefendant Eileen Holland's vehicle. In her Complaint, Ms. Mereschuk seeks damages for personal injuries from Defendants WMATA and WMATA's unidentified bus operator, John Doe.

WMATA moves to dismiss Ms. Mereschuk's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because: (1) the Court lacks jurisdiction over Count II of the Complaint because WMATA's bus operator is immune from suit under Section 80 of the WMATA Compact, Pub. L. No. 89–774, 80 Stat. 1324 (1966), codified as amended at D.C. Code § 9-1107.01(80) (the "Compact"); and (2) Count III fails to state a claim, as vicarious liability is not an independent cause of action under District of Columbia law, and WMATA is directly liable for its agents' torts under Section 80.

**II. PLAINTIFF'S ALLEGATIONS**

Ms. Mereschuk alleges she sustained injuries and damages in a motor vehicle collision on December 13, 2024, at the intersection of Q St. NW and 21st St. NW and Martin Luther King Avenue SE in Washington, D.C. (Compl. ¶¶ 6–8.) She claims a

WMATA bus operated by WMATA's employee, Defendant John Doe, collided with Defendant Holland's vehicle. (*Id.*) She alleges Defendant Doe was driving WMATA's bus with WMATA's permission. (*Id.* ¶ 25.) WMATA admits that its bus operator was its agent acting within the scope of employment at the time of the incident.

The Complaint asserts claims against Defendant Doe for common law negligence (Count II) and against WMATA for vicarious liability (Count III).

### III. LEGAL STANDARD

**A. Rule 12(b)(1).**

Rule 12(b)(1) permits a defendant to seek dismissal of a claim due to lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving subject matter jurisdiction exists. *Turner v. Washington Metro. Area Transit Auth.*, 701 F. Supp. 2d 61, 66 (D.D.C. 2010). The court accepts the plaintiff's factual allegations as true but examines them more rigorously than under a Rule 12(b)(6) motion. *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Claims involving governmental immunity are appropriately addressed under Rule 12(b)(1). *Tapp v. Washington Metro. Area Transit Auth.*, 306 F. Supp. 3d 383, 395 (D.D.C. 2016). Claims barred by sovereign immunity must be dismissed with prejudice, as "the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims ...." *Burns v. Washington Metro. Area Transit Auth.*, 488 F. Supp. 3d 210, 217–18 (D. Md. 2020) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).

**B. Rule 12(b)(6).**

A Rule 12(b)(6) motion tests whether a complaint is legally sufficient. *See Brewer v. District of Columbia*, 891 F. Supp. 2d 126, 130 (D.D.C. 2012). To avoid dismissal, a complaint must present enough factual content, taken as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed facts are unnecessary, the plaintiff must provide more than a mere "an unadorned, the-defendant-unlawfully-harmed-me accusation," *id*., and must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555. A claim is plausible when the facts permit the court to reasonably infer the defendant's liability; allegations that are merely consistent with liability are insufficient. *Iqbal*, 556 U.S. at 678. Legal conclusions, even if presented as factual allegations, are not accepted as true. *Id.*

## IV. ARGUMENT

**A. Count II should be dismissed because WMATA's employee is immune under Section 80 of the Compact.**

WMATA is a tri-jurisdictional government agency established by an interstate compact among Maryland, Virginia, and the District of Columbia to provide mass transit in the Washington, D.C. metropolitan area. *Morris v. Washington Metro. Area Transit Auth.*, 781 F.2d 218, 219 (D.C. Cir. 1986). Congress consented to the Compact, making it federal law. *Id.*, 781 F.2d at 220 n.2 ("Once Congress gives its consent, an interstate compact becomes federal law."). Therefore, legal questions regarding the interpretation of the Compact are governed by federal law. *Id.*

WMATA is an agency and instrumentality of each signatory to the Compact. *Id.*, 781 at 225. The signatories have conferred their respective sovereign immunities on

3

WMATA, which is immune from suit except to the extent its immunity is expressly waived. *Id.*, 781 F.2d at 219–23. Section 80 provides a limited waiver of sovereign immunity:

> The Authority shall be liable for its contracts and for its torts and those of its Directors, officers, *employees and agents committed in the conduct of any proprietary function*, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function. *The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority*.

D.C. Code § 9-1107.01(80) (emphasis added).

Ms. Mereschuk alleges—and WMATA admits—that Defendant Doe was driving WMATA's bus with WMATA's permission. (Compl. ¶ 25.) WMATA admits that Defendant Doe was its agent and was operating its bus within the scope of employment at the time of the incident. Operating a Metrobus is a proprietary function. *See Doe v. Washington Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 362 (D.D.C. 2020) (noting that the provision of mass transportation is a proprietary function within the meaning of the WMATA Compact). Therefore, Ms. Mereschuk's exclusive remedy is against WMATA. *See, e.g., Beebe v. Washington Metro. Area Transit Auth.*, 129 F.3d 1283, 1288 (D.C. Cir. 1997) ("[F]or torts committed in the course of proprietary or ministerial functions, WMATA is liable *and its employees immune*.") (emphasis added). Accordingly, Count II must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

### B. Count III fails to state a claim for "vicarious liability" against WMATA.

Vicarious liability is not recognized as an independent cause of action under District of Columbia law. It is a doctrine, also known as *respondeat superior*, that allows an employer to be held liable for the acts of its employees committed within the scope of

4

their employment. *Penn Cent. Transp. Co. v. Reddick*, 398 A.2d 27, 29 (D.C. 1979). This doctrine is a form of secondary liability, contingent upon establishing a primary cause of action against the employee for their wrongful acts. *See Bostic v. District of Columbia*, 906 A.2d 327, 331–32 (D.C. 2006) (noting that the District of Columbia may be sued only for the torts of its agent police officers if a *respondeat superior* relationship exists). WMATA, however, is directly liable under Section 80 of the Compact for its agents' torts committed in the course of proprietary functions. D.C. Code § 9-1107.01(80).

Accordingly, Count III fails as a matter of law and must be dismissed.

## V. CONCLUSION

Ms. Mereschuk's negligence claim against Defendant Doe must be dismissed on the ground of sovereign immunity, and her vicarious liability claim against WMATA must be dismissed for failure to state a claim.

DATE: July 16, 2025                             Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

By Counsel

/s/ J. Douglas Cuthbertson
J. Douglas Cuthbertson #479789
Legal & Compliance
WMATA
PO Box 23768
Washington, DC 20026-3768
Tel.: 202-962-2537
Fax: 202-962-2550
Email: jdcuthbertson@wmata.com

5

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2025, a true and correct copy of the foregoing was served electronically through the Court's Case Management/Electronic Case Filing (CM/ECF) system on:

>Hector Z. Oropeza, Esq.
>Morgan & Morgan DC, PLLC
>1901 Pennsylvania Ave. NW
>Suite 300
>Washington, DC 20006
>Horopeza@forthepeople.com
>
>Matthew H. Goodman, Esq.
>Fanshaw & Goodman, P.A.
>20 East Timonium Road, Suite 110
>Timonium, MD 21093
>mgoodman@gfmglaw.com

>/s/ J. Douglas Cuthbertson
>J. Douglas Cuthbertson